UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES J. ANTHONY, SR.,

                                  Plaintiff,

                                                                   5:15-CV-00450
v.                                                          (DNH/TWD)

HON. JAMES P. MURPHY,

                                  Defendant.
_____

APPEARANCES:

CHARLES J. ANTHONY, SR.
Plaintiff *pro se*
8819 Gaskin Road
Clay, New York 13041

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

Plaintiff Charles J. Anthony, Sr., submitted a *pro se* complaint against Defendant New York State Supreme Court Justice James P. Murphy on April 15, 2015. (Dkt. No. 1.) Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP application"). (Dkt. No. 2.) Before the Court issued its Order and Recommendation on Plaintiff's IFP application and on its initial review of Plaintiff's complaint, Plaintiff filed a superseding amended/supplemental complaint (Dkt. No. 4) and a second IFP application (Dkt. No. 5), which the Clerk has submitted to the Court for review.[1]

---

[1] Even though Plaintiff's original complaint is superseded by his amended/supplemental complaint, in light of Plaintiff's *pro se* status, the Court has considered the allegations in, and attachments to, both Plaintiff's original and amended/supplemental complaints upon its initial review.

## I. PLAINTIFF'S IFP APPLICATION

Plaintiff's second IFP application is the same application initially submitted. (*See* Dkt. Nos. 2 and 5.) It is a New York State court IFP application form rather than the IFP application used in the Northern District of New York.[2] The application reveals monthly Social Security benefits of $1,802 and a monthly pension payment of $ 663.92 for an annual income of $29,591.04. (Dkt. No. 6 at 1.) Plaintiff has listed no income from other sources. *Id*. Plaintiff has listed a bank account with approximately $27.00. *Id*. at 2. For all property with an estimated value over $300.00, Plaintiff has listed two real properties in which he has no equity. *Id*. One of the properties, located at 4268 Gemini Path, Liverpool, New York, is the subject of the underlying foreclosure action. *Id.*

Unlike the IFP application used in the Northern District of New York, the New York State IFP application requires that only extraordinary out-of-pocket expenses, not housing, utilities, or loan payments, or other regular monthly expenses be disclosed. Therefore, most of the information on expenses required in the federal IFP application has not been included. *Id*. Plaintiff has indicated in his State IFP application that he is several months behind in utility bills, he cannot work, and the Gemini Path property is in foreclosure. *Id.*

Because Plaintiff's application is incomplete in that it fails to include information regarding his regular expenses, the Court cannot determine whether his expenses, when

---

[2] The IFP application used in the Northern District of New York is Form AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).

considered with his lack of assets and other circumstances, warrant *in forma pauperis* status despite the regular monthly income disclosed by him. Nonetheless, because the Court will recommend dismissal of the action on initial review under 28 U.S.C. § 1915(e), the Court grants Plaintiff's second IFP application (Dkt. No. 6) solely for purposes of initial review.

## II. LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. PLAINTIFF'S COMPLAINT AND AMENDED/SUPPLEMENTAL COMPLAINT

The Bank of America commenced a mortgage foreclosure action against Plaintiff in the New York State Supreme Court, County of Onondaga, on June 26, 2013. (Dkt. No. 1 at 6.) The Index No. for the state court action is 2013-3396. *Id*. The property being foreclosed upon in the action is located at 4268 Gemini Path, Liverpool, New York. *Id*. According to Plaintiff, no payments have been made on the mortgage since 2008, and an earlier foreclosure action, commenced in 2009, was previously dismissed. *Id*. at 13. Although the details of the state foreclosure action and its present status are not entirely clear from the complaint and amended/supplemental complaint and other submissions, it appears that a default judgment has been entered in the foreclosure action, and that Plaintiff attempted to file a notice of appeal. (Dkt. Nos. 1 at 6, 13-14; 4 at 4-8.)

Justice Murphy was assigned to the state foreclosure action. (Dkt. No. 4 at 1.) He is being sued by Plaintiff for judicial malpractice and treason[3] in connection with his handling of the foreclosure action. *Id.* Plaintiff contends that Justice Murphy acted in the clear absence of jurisdiction because the Bank of America is incorporated in the State of Delaware where the statute of limitations on a foreclosure action is three years, and Bank of America is bound by the statute of limitations in the state in which it is located. *Id*. Plaintiff also claims that Justice Murphy committed error in handling a dispute over the adequacy of service of process in the

---

[3] Plaintiff added a treason cause of action in his amended/supplemental complaint. (Dkt. No. 4 at 1.) However, there is nothing in either the original complaint or the amended/supplemental complaint that supports a claim for treason, and the Court finds the claim to be frivolous. *See Neitzke*, 490 U.S. at 325.

foreclosure action.

*Id*. at 12.

## IV. ANALYSIS

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erec. Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). Federal question jurisdiction exists where the "complaint established either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Greenberg, Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted). There are no allegations in the complaint or amended/supplemental complaint suggesting diversity of citizenship between Plaintiff and Justice Murphy, and even if there were a recognized claim for judicial malpractice, it would be a state law claim over which the federal court is without subject matter jurisdiction.[4]

Furthermore, even if the federal district court had subject matter jurisdiction over Plaintiff's judicial malpractice claim, it is well-established that judges have absolute immunity from suit for acts performed in their judicial capacities. *Bradley v. Fisher*, 13 Wall 335, 80 U.S.

---

[4] In *Multani v. U.S. Dept. of Justice Solicitor General-U.S.A.*, No. 97-CV-628A, 1998 WL 951813, at * 1, 1998 U.S. Dist. LEXIS 20770, at * 5 (W.D.N.Y. July 20, 1998) (Heckman, M.J.), the court, noting that a judge cannot be held liable for damages on account of actions performed in the exercise of judicial duties, even if the action was in error, was done maliciously, or was in excess of authority, unless the action was taken in clear absence of all jurisdiction, rejected the plaintiff's claim for judicial malpractice asserted against state and federal courts.

335 (1871); *accord, Mireles v. Waco*, 502 U.S. 9, 10 (1991) (per curiam) (holding that "judiciary immunity is an immunity from suit, not just from the ultimate assessment of damages") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Immunity from suit is overcome in only two narrow circumstances. "First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in a judge's judicial capacity." *Mireles*, 502 U.S. at 11. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.*

The Supreme Court has "generally concluded that acts arising out of, or related to, individual cases before the judge are judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Judges enjoy absolute immunity even when a plaintiff offers allegations of "bad faith or malice." *Mireles*, 502 U.S. at 11. A judge cannot "be deprived of immunity because the action he took was in error . . . or was in excess of authority." *Id*. at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

Plaintiff claims that because the statute of limitations has expired, Justice Murphy is presiding over the foreclosure action in the clear absence of subject matter jurisdiction and can, therefore, be sued and held liable for damages. (Dkt. No. 1 at 1.) However, a complete absence of jurisdiction means that a court acts "when it does not have any statutory or constitutional power to adjudicate the case." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009).

It is fundamental that Article VI, § 7 of the New York Constitution establishes the State Supreme Court as a court of "general jurisdiction in law and equity." Const. art. VI, §7(a). Under the state constitution's grant of authority, "the Supreme Court is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed." *Sohn v. Calderon*, 579

N.Y.S.2d 940, 944 (1991). "That [the Supreme Court's] original jurisdiction extends to mortgage foreclosure actions is unquestionable." *Bank of America, NA v. Simon*, No. 63558/2014, 2015 WL 1343092, at * 1, 2015 U.S. Dist. LEXIS 844, at * 4-5 (N.Y. Sup. Ct. March 24. 2015).

Based upon the foregoing, the Court recommends that Plaintiff's amended/supplemental complaint be dismissed for lack of subject matter jurisdiction, judicial immunity, and failure to state a claim.[5] The Court further recommends that the dismissal be with prejudice inasmuch as the problems with Plaintiff's claim are substantive and cannot be cured by a better pleading.[6]

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's original IFP application (Dkt. No, 2) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Plaintiff's second IFP application (Dkt. No. 5) is **GRANTED SOLELY FOR THE PURPOSE OF THIS INITIAL REVIEW**; and it is further

**ORDERED**, that Plaintiff's original complaint (Dkt. No. 1) is superseded by his amended/supplemental complaint (Dkt. No. 4); and it is

**RECOMMENDED**, that Plaintiff's amended/supplemental complaint (Dkt. No. 4) be **DISMISSED WITH PREJUDICE** upon initial review under 28 U.S.C. § 1915(e); and it is

---

[5] The Court's recommendation would be the same were its initial review directed solely to Plaintiff's original complaint. (Dkt. No. 1.)

[6] Because the status of the state foreclosure action is not clear from the complaint or amended/supplemental complaint, the Court cannot consider the applicability of the *Rooker-Feldman* doctrine at this point. *See Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 84 (2d Cir. 2005) (a federal district court does not have subject matter jurisdiction "over suits that are, in substance, appeals from state-court judgments.")

**ORDERED**, that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions in *Multani v. U.S. Dept. of Justice Solicitor General-U.S.A.*, No. 97-CV-628A, 1998 WL 951813 (W.D.N.Y. July 20, 1998) and *Bank of America, NA v. Simon*, No. 63558/2014, 2015 WL 1343092 (N.Y. Sup. Ct. March 24. 2015) in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: April 28, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge



Slip Copy, 47 Misc.3d 1202(A), 2015 WL 1343092 (N.Y.Sup.), 2015 N.Y. Slip Op. 50363(U)
**(Table, Text in WESTLAW), Unreported Disposition**
**(Cite as: 2015 WL 1343092 (N.Y.Sup.))**

NOTE: THIS OPINION WILL NOT APPEAR IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER.

Supreme Court, Suffolk County, New York.
BANK OF AMERICA, NA, Plaintiff,
v.
Mirtha SIMON and "John Doe" and "Jane Doe" the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon the premises described in the complaint, Defendants.

No. 63558/2014.
March 24, 2015.

Kozeny, mccubbin & katz, Melville, for Plaintiff.

Barry N. Frank & Assoc., PC, Whitestone, for Defendant Simon.

THOMAS F. WHELAN, J.

**\*1** Upon the following papers numbered 1 to 5 read on this motion *by the defendant to dismiss this action;* Notice of Motion/Order to Show Cause and supporting papers *1–3;* Opposing Papers: *4–5;* Reply papers; it is,

**ORDERED** that this motion (# 001) by the defendant in this mortgage foreclosure action for an order dismissing this action pursuant to CPLR 3211(a)(2) and/or (a)(8) is considered thereunder and under CPLR 3012 and is denied.

The plaintiff commenced this action on May 12, 2014 to foreclose the lien of a June 2, 2008 mortgage given by defendant Simon to a predecessor-in-interest of the plaintiff to secure a mortgage note of the same date in the principal amount of $362,137.00. Defendant Simon defaulted in answering the summons and complaint which was served upon her on June 2, 2014 pursuant to CPLR 308(2), as did others persons served as unknown defendant occupants of the mortgaged premises.

Following the initialization of this action, a settlement conference of the type mandated by CPLR 3408 was scheduled by quasi-judicial personnel assigned to the specialized mortgage foreclosure conference part for December 15, 2014. Defendant Simon's failed to appear for such conference and such failure was duly noted in the record maintained in this action. On December 16, 2014, this action was assigned to the case inventory of this court.

On February 3, 2015, defendant Simon appeared by the uploading of a notice of appearance by her counsel in the NYS Courts E–Filing System and the simultaneous upload of the instant motion to dismiss the complaint. The grounds for the motion relief are two in number, the first being a purported lack of personal jurisdiction over defendant Simon due to improper service pursuant to CPLR 3211(a)(8). The second ground is characterized by defense counsel as one to dismiss for lack of subject matter jurisdiction pursuant to CPLR 3211(a)(2). The plaintiff opposes the motion in papers which challenge each predicate ground for the relief requested as lacking in merit. For the reasons stated below, the motion is denied.

"A process server's affidavit of service constitutes prima facie evidence of proper service" ( *Scarano v. Scarano,* 63 AD3d 716, 716, 880 N.Y.S.2d 682 [2dDept 2009]; *see NYCTL 2009–A Trust v. Tsafatinos,* 101 AD3d 1092, 1093, 956 N.Y.S.2d 571 [2d Dept 2012] ). "Although a defendant's sworn denial of

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 47 Misc.3d 1202(A), 2015 WL 1343092 (N.Y.Sup.), 2015 N.Y. Slip Op. 50363(U)
**(Table, Text in WESTLAW), Unreported Disposition**
**(Cite as: 2015 WL 1343092 (N.Y.Sup.))**

receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" ( *Countrywide Home Loans Serv., LP v. Albert,* 78 AD3d at 984–985, 912 N.Y.S.2d 96 [2d Dept 2010; internal quotation marks and citation omitted]; *see Mortgage Elec. Registration Sys., Inc. v. Losco,* 125 AD3d 733, 2015 WL 542795 [2d Dept 2015]; *JPMorgan Chase v. Todd,* 125 AD3d 953, 2015 WL 775077 [2d Dept 2015]; *Emigrant Mtge. Co., Inc. v. Westervelt,* 105 AD3d 896, 897, 964 N.Y.S.2d 543 [2d Dept 2013]; *Countrywide Home Loans Serv., LP v. Albert,* 78 AD3d 983, 984–985, supra* ).

**\*2** Here, the affidavit of service of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308(2) (*see ACT Prop., LLC v. Garcia,* 102 AD3d 712, 957 N.Y.S.2d 884 [2d Dept.2013]; *Bank of N.Y. v. Espejo,* 92 AD3d 707, 708, 939 N.Y.S.2d 105 [2d Dept 2012]; *US Natl. Bank Assn. v. Melton,* 90 AD3d 742, 743, 934 N.Y.S.2d 352 [2d Dept 2011] ), and the affidavit submitted by the defendant Simon was insufficient to rebut the presumption of proper service (*see JPMorgan Chase v. Todd,* 125 AD3d 953, *supra; Carver Fed. Sav. Bank v. Supplice,* 109 AD3d 572, 970 N.Y.S.2d 706 [2d Dept 2013]; *Bank of N.Y. v. Espejo,* 92 AD3d 707, 708, *supra* ). Those portions of this motion wherein defendant Simon seeks a dismissal of the complaint pursuant to CPLR 3211(a)(8) is thus denied.

The remaining portions of the this motion to dismiss the complaint are also denied. Therein, defendant Simon claims that the court lacks subject matter jurisdiction over the plaintiff's pleaded claim for foreclosure and sale and thus demands dismissal of the complaint pursuant to CPLR 3211(a)(2). Underlying this claim are allegations as to the invalidity or unenforceability of the mortgage due to purported violations of federal regulatory underwriting standards on the part of the originator of the subject loan and its purported acts of fraud in violation of federal Fair Housing and Predatory Lending statutes.

However, the court rejects this claim as wholly lacking in merit. "Subject matter jurisdiction has been defined as the power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question" ( *Thrasher v. United States Liab. Ins. Co.,* 19 N.Y.2d 159, 166, 278 N.Y.S.2d 793 [1967], *quoting Hunt v. Hunt,* 72 N.Y. 217, 229 [1878] ). As "a court of original, unlimited and unqualified jurisdiction" (*Matter of Fry v. Village of Tarrytown,* 89 N.Y.2d 714, 718, 658 N.Y.S.2d 205 [1997], *quoting Kagen v. Kagen,* 21 N.Y.2d 532, 537, 289 N.Y.S.2d 195 [1968] ), this court is vested with general original jurisdiction and is competent to entertain all causes of actions (*see* McKinney's N.Y. Const. Art. 6, § 7[a] ), and it may do so unless it is specifically proscribed elsewhere in our State Constitution or in the Constitution of the United States or under some pre-emptive federal statute (*see Thrasher v. United States Liab. Ins. Co.,* 19 N.Y.2d 159, *supra* ). Neither an act of our state legislature nor contractual terms between parties can divest this court of its general original jurisdiction (*see Pollicina v. Misericordia Hosp. Med. Ctr.,* 82 N.Y.2d 332, 604 N.Y.S.2d 879 [1993]; *Lischinskaya v. Carnival Corp.,* 56 AD3d 116, 865 N.Y.S.2d 334 [2d Dept 2008] ).

That this court's general original jurisdiction extends to mortgage foreclosure actions is unquestionable (*see Wells Fargo Bank Minn., N.A. v. Mastropaolo,* 42 AD3d 239, 242–244, 837 N.Y.S.2d 247 [2d Dept 2007]; *Security Pacific Natl. Bank v. Evans,* 31 AD3d 278, 820 N.Y.S.2d 2 [1st Dept 2006] ). The moving papers of defendant Simon failed to allege, let alone demonstrate, that this court has been divested of

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 47 Misc.3d 1202(A), 2015 WL 1343092 (N.Y.Sup.), 2015 N.Y. Slip Op. 50363(U)
**(Table, Text in WESTLAW), Unreported Disposition**
**(Cite as: 2015 WL 1343092 (N.Y.Sup.))**

its general, original, subject matter jurisdiction over this mortgage foreclosure by competent constitutional provisions or acts of federal law.

***3** Defendant Simon's attempt to recast any claims or defenses predicated upon federal statutory/regulatory violations she may have into a jurisdictional one sounding in a lack of subject matter jurisdiction so as to avoid the consequences of her default in answering and her concomitant waiver of her right to assert any standing defense or others premised upon alleged statutory/regulatory violations to support this motion to dismiss the complaint is flatly rejected by this court as unmeritorious (*see Deutsche Bank Trust Co. Americas v. Cox,* 110 AD3d 760, 973 N.Y.S.2d 662 [2d Dept 2013]; *see also Browne v. Board of Educ.,* 122 AD3d 563, 996 N.Y.S.2d 96 [2d Dept 2014]; *Southstar III, LLC v. Enttienne,* 120 AD3d 1332, 992 N.Y.S.2d 548 [2d Dept 2014]; *New York Commercial Bank v. J. Realty F Rockaway, Ltd.,* 108 AD3d 756, 969 N.Y.S.2d 796 [2d Dept 2013]; *Aurora Loan Serv., LLC v. Dimura,* 104 AD3d 796, 962 N.Y.S.2d 304 [2d Dept 2013]; *Ferri v. Ferri,* 71 AD3d 949, 896 N.Y.S.2d 890 [2d Dept 2010] ).

In view of the foregoing, the instant motion (# 001) by defendant Simon to dismiss the complaint served in this foreclosure action is in all respects denied.

N.Y.Sup.,2015.
Bank of America, NA v. Simon
Slip Copy, 47 Misc.3d 1202(A), 2015 WL 1343092 (N.Y.Sup.), 2015 N.Y. Slip Op. 50363(U)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp., 1998 WL 951813 (W.D.N.Y.)
**(Cite as: 1998 WL 951813 (W.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, W.D. New York.
Gurdev **MULTANI**, Plaintiff,
v.
U.S./DEPARTMENT OF JUSTICE, et al., Defendants.

No. 97–CV–628A.
July 20, 1998.

ORDER

ARCARA.

*1 The above-referenced case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1)(B), on September 12, 1997. On June 18, 1998, Magistrate Judge Heckman filed a Report and Recommendation, recommending that defendants' motions to dismiss should be granted, plaintiff's motion for default judgment should be denied, and the complaint should be dismissed with prejudice.

The Court having carefully reviewed the Report and Recommendation, the record in this case, as well as the pleadings and material submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendants' motions to dismiss are granted, plaintiff's motion for default judgment is denied and the complaint is dismissed with prejudice.

IT IS SO ORDERED.

REPORT AND RECOMMENDATION

This case was referred to the undersigned by Hon. Richard J. Arcara for pretrial matters and to hear and report on dispositive motions, in accordance with 28 U.S.C. § 636(b). Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, and plaintiff has moved for default judgment. For the following reasons, it is recommended that the defendants' motions be granted, and that plaintiff's motion be denied.

BACKGROUND

On August 8, 1997, plaintiff filed a complaint in this court alleging "judicial malpractice" against various state and federal courts, agencies and officials for dismissing a case originally brought by plaintiff in New York State Supreme Court, Erie County. *See* *Multani v. U.S. Dept. of Justice,* 233 A.D.2d 965, 649 N.Y.S.2d 311 (4th Dep't 1996), *appeal dismissed,* 89 N.Y.2d 938, *cert. denied,* ___ U.S.___, 117 S.Ct. 1701, 137 L.Ed.2d 827, 65 USLW 3753, *reh'g denied,* ___ U.S.___, 117 S.Ct. 2498, 138 L.Ed.2d 1004, 65 USLW 3839 (1997). In his federal court complaint, plaintiff seeks one hundred trillion dollars in damages, as demanded in the state court complaint, plus the additional amount of five hundred trillion dollars, with interest and costs.[FN1]

> FN1. On March 17, 1998, plaintiff filed a similar action in this court seeking five hundred trillion dollars in damages for "judicial malpractice" based on the dismissal of an action brought in New York State Supreme Court, New York County (*Multani v. Ross University, et al.,* 98–CV–180A(H)).

Attached to the complaint are copies of orders entered in the *Multani v. U.S. Dept. of Justice* case indicating that on June 5, 1996, New York State Su-

Not Reported in F.Supp., 1998 WL 951813 (W.D.N.Y.)
**(Cite as: 1998 WL 951813 (W.D.N.Y.))**

preme Court Justice Robert J. Whelan dismissed the action with prejudice, without opinion (Item 1, Ex. C). On November 8, 1996, the Appellate Division, Fourth Department, affirmed (*id.,* Ex. D). On January 9, 1997, the New York Court of Appeals dismissed plaintiff's appeal (*id.,* Ex. E). On May 12, 1997, the United States Supreme Court denied plaintiff's petition for *certiorari* review, and on June 23, 1997, denied plaintiff's petition for rehearing (*id.,* Ex. A). Plaintiff has not attached a copy of the complaint in the state court case, and his federal court complaint contains no allegations explaining the basis for that lawsuit. Plaintiff simply alleges here that "[t]his instant case questions whether plaintiff, under the due process [clause], was deprived of rights to know why default Judgment was denied, b) have the issue examined on the basis of the theory" (*id.,* p. 8).

**\*2** On September 10, 1997, the Attorney General of the State of New York, on behalf of defendant "Supreme Court of the State of New York, Appellate Division, Fourth Department," moved to dismiss the complaint for failure to state a claim upon which relief can be granted, and for lack of personal jurisdiction (Item 3). On October 23, 1997, the Attorney General's motion was refiled on behalf of all "state defendants" (Item 9). On October 10, 1997, the United States Attorney, on behalf of defendant "U.S.A/Department of Justice Solicitor General—U.S.A." moved to dismiss the complaint for failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction (Item 7). On November 3, 1997, plaintiff filed a motion for default judgment against all named defendants (Item 11). For the following reasons, defendants' motions to dismiss should be granted, plaintiff's motion for default judgment should be denied, and the complaint should be dismissed with prejudice.

DISCUSSION

I. Failure to State a Claim Upon Which Relief Can Be Granted.

Under Rule 12(b)(6), the court is authorized to dismiss a complaint for failure to state a claim upon which relief can be granted where it is "beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)(quoted in *Cortec Industries, Inc. v. Sum Holding, L.P.,* 949 F.2d 42, 47 (2d Cir.1991)). While complaints filed by *pro se* litigants are to be held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner,* 404 U.S. 519 (1972), the court should dismiss a *pro se* complaint on a Rule 12(b)(6) motion, without granting leave to amend, where "statute or controlling precedent clearly forecloses the pleading, liberally construed." *Cameron v. Fogarty,* 705 F.2d 676, 678 (2d Cir.1983).

As stated in *Mallon v. Bartle,* 1992 WL 276678 (E.D.Pa. September 30, 1992), a claim for " 'judicial' malpractice ... is absurd, since this category of activity is nonexistent." *Id.* at \*1; *see also McDaniel v. Decastro,* 1990 WL 106568 (N.D.Ill. July 12, 1990) (no arguable basis for "judicial malpractice" claim). A judge, or a court, cannot be held liable for damages on account of actions performed in the exercise of judicial duties, even if the action was in error, was done maliciously, or was in excess of authority, unless the action was taken in "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978); *Tucker v. Outwater,* 118 F.3d 930, 933 (2d Cir.1997). Clearly, a ruling in a case is a matter within that court's jurisdiction.

In addition, the complaint contains no factual allegations with respect to any conduct on the part of the individual defendants named as "Solicitor General—U.S.A." and "Solicitor General—State of New York" upon which the court can determine whether plaintiff's claims against those individuals are "sufficiently substantial" to confer federal subject matter jurisdiction. *See McDaniel v. Decastro, supra,* 1990 WL 106568, at \*2.

**\*3** To the extent that plaintiff's complaint can be construed to allege a claim for damages suffered as a

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 951813 (W.D.N.Y.)
**(Cite as: 1998 WL 951813 (W.D.N.Y.))**

result of a deprivation of due process by federal or state government agencies or employees acting in an official capacity, it is barred by the doctrine of sovereign immunity. *See, e.g., Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 688 (1949) (damages claim against United States or its officers serving in official capacity barred by sovereign immunity); *Armstrong v. Sears,* 33 F.3d 182, 185 (2d Cir.1994) (same); *New York City Health & Hospitals Corp. v. Perales,* 50 F.3d 129, 135 (2d Cir.1995) (Eleventh Amendment forecloses award of money damages required to be paid from state funds to compensate for past violations of federal law by state or its officers serving in official capacity).

Accordingly, because plaintiff can allege or prove no set of facts that would entitle him to damages against the defendants named in the complaint, the complaint should be dismissed for failure to state a claim upon which relief can be granted, without leave to amend.

II. Plaintiff's Motion for Default Judgment.

Under the procedural steps contemplated by the federal rules, default judgment is available only upon (1) entry of default by the Clerk of the Court when the party against whom judgment is sought "has failed to plead or otherwise defend ... and that fact is made to appear by affidavit or otherwise ...," Fed.R.Civ.P. 55(a), *and* (2) entry of default judgment by the court after the defendant has had the opportunity to set aside the entry of default, Fed.R.Civ.P. 55(c), or by the Clerk if the defendant has not appeared. Fed.R.Civ.P. 55(b); *Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir.1981). In this case, the initial step of securing the entry of a default was omitted. Plaintiff is therefore not entitled to a default judgment.

In addition, the record reflects that the summons and complaint were served on all defendants on August 8, 1997, by certified mail only (Item 2; *see also* Item 10, Ex. A). The United States Attorney's motion to dismiss on behalf of the "U.S.A./Department of Justice Solicitor General—U.S.A." was filed on October 10, 1997. Taking into account the 3–day mail rule as provided in Fed.R.Civ.P. 6(e), this motion was timely filed in lieu of responsive pleadings. *See* Fed.R.Civ.P. 12(a).

Finally, service of the summons and complaint on the federal and state defendants by certified mail only was defective under Fed.R.Civ.P. 4(i) and (j), and the court therefore lacks personal jurisdiction over those defendants who did not answer or move to dismiss. *See Krank v. Express Funding Corp.,* 133 F.R.D. 14, 16 (E.D.N.Y.1990); *Gibbs v. Hawaiian Eugenia Corp.,* 581 F.Supp. 1269, 1271 (S.D.N.Y.1984).

Accordingly, plaintiff is not entitled to entry of judgment by default against any of the defendants named in the complaint.

CONCLUSION

For the foregoing reasons, defendants' motions to dismiss (Items 3, 7 & 9) should be granted, plaintiff's motion for default judgment (Item 11) should be denied, and the complaint should be dismissed with prejudice.

**\*4** Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first in-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1998 WL 951813 (W.D.N.Y.)
**(Cite as: 1998 WL 951813 (W.D.N.Y.))**

stance. *See, e.g., Patterson–Lietch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection* .

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and to the attorneys for the defendants.

SO ORDERED.

W.D.N.Y.,1998.
Multani v. U.S./Department of Justice Solicitor General-U.S.A.
Not Reported in F.Supp., 1998 WL 951813 (W.D.N.Y.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.